Lloyds' Appraisal Co.

vs

Louisiana Printing Co.

No.8817

Charles F.Claiborne,Judge.

This a suit for services rendered.

Plaintiff alleges that by a contract dated February 5th 1921 it agreed to make an appraisement of defendant's plant for a fee of 14 cents for each $100; that it completed said appraisal which amounted to $85,482.98 which entitled plaintiff to a fee of $119.68 which defendant refuses to pay.

For answer the defendant admitted the contract,but denied that the plaintiff had performed his part of it.It averred specifically that its contract with plaintiff provided for the return to respondent of all appraisals,summaries,and data generally lent by it to the plaintiff for recheck purposes,which respondent is entitled to under the said contract,needs,and desires ; and that the plaintiff nevertheless,declines to return the said data,thereby not only not completing its contract with respondent,whether otherwise completed or not,but actually being guilty of its breach with respondent" ; and it prayed in reconvention for "the return of the said data lent plaintiff for recheck purposes."

There was judgment for the plaintiff and rejecting defendants demand.

This case turns upon the interpretation of the following clause of the contract:

" In consideration of a reduced price made for allowance of any former appraisal and plans,we are hereby granted full use and possession of such data for recheck purposes;said plans and summaries to be returned to you,the book to be supplementary to our field notes and filed in our fireproof vault so as to make

a complete record for your protection.

The defendant,in accordance with its contract,delivered to the plaintiff a former appraisement of its plant for the year 1920 made by the Lloyd Thomas Company.

The plaintiff contends that under the above clause of the contract it is entitled to keep possession of that appraisement.The writer thinks that he has not such right.But his colleagues are of the a different oponion and think that even if the plaintiff has not such right,that the defendant suffers no injury from the plaintiff retaining the appraisement.

In the testimony of H.L.Hebert,President of the defendant Company,we find the following language:

Q    So the only thing they have not returned to you is the actual inventory itself ?

A    That's it.

Q    And that was the only reason why you refused to pay this bill,as you stated to them,I believe ?

A    Yes,sir.

It is therefore ordered that the judgment appealed from, be affirmed.

Judgment affirmed.